**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

Samuel Hooker

    v.                                    Civil No. 17-cv-345-JNL

Dean Knightly et al.[1]

**REPORT AND RECOMMENDATION**

Plaintiff, Samuel Hooker, has filed a complaint (Doc. Nos. 1, 1-1, 1-2) which is before the court for preliminary review, pursuant to 28 U.S.C. §§ 1915A(a), 1915(e)(2). Also before the court are plaintiff's motion for entry of default (Doc. No. 23) and motion for default judgment (Doc. No. 25).

**Background**

**I. Facts Asserted in Complaint[2]**

Hooker is a federal prisoner presently housed at the Federal Medical Center Devens in Ayer, Massachusetts. At all

---

[1] Hooker has named the following defendants to this action, each of whom is a United States Marshals Service, District of Maine deputy: Dean Knightly, Jesse Belanger, Andrew LeConte, Clairmont Forde, and Spencer Christie. Hooker listed two "unnamed defendants" in the caption of his initial complaint (Doc. No. 1) in this case. In a later filing (Doc. No. 15), Hooker indicated that there was only one John Doe defendant in this matter, and identified that individual as Andrew LeConte.

[2] In conducting this preliminary review, the court has considered the factual assertions in the complaint (Doc. Nos. 1, 1-1, 1-2) as well as the factual assertions in Document Nos. 15, 15-3, 15-5, 16, 16-2, 24, and 26.

times relevant to this action, Hooker was in the custody of the United States Marshals Service ("USMS"), in pretrial detention at the Cumberland County Jail ("CCJ") in Portland, Maine. Hooker is partially paralyzed, and is confined to a wheelchair.

On August 8 and September 25, 2012, and January 28, 2013, Hooker was transported by USMS, District of Maine ("USMS-ME") deputies, in a USMS-ME van, from the CCJ to the federal courthouse in Portland, Maine, and from the CCJ to the airport. The USMS-ME van in which Hooker was transported on each occasion was not wheelchair-accessible.

For each of the transports, USMS-ME deputies lifted Hooker out of his wheelchair and into the rear compartment of the USMS-ME van. Hooker's wheelchair was then placed in the van with him. During one or more of these transports: Hooker complained about not having a seatbelt and was told to hold onto his wheelchair; was placed on something metal that scraped him; was struck in the head with his wheelchair; suffered injuries to his head, neck, back, and shoulder; and experienced emotional distress.

## II. 2012 Case

In 2012, Hooker filed a suit in state court, which defendants removed to the federal court concerning the same transports that underlie this action. Defendants removed that matter to this court. See Hooker v. Belanger et al., No. 2:12-

2

cv-346-JNL (D. Me.) ("2012 Case"), Complaint (ECF No. 1-1), First Am. Compl. (ECF No. 20), Second Am. Compl. (ECF No. 33). Each of the defendants named here was a defendant in the 2012 Case. After the initial complaint was filed, defendants removed the matter to this court. See id., Notice of Removal (ECF No. 1). In the 2012 Case, Hooker asserted: claims under Bivens v. Six Unknown Fed. Narc. Agents, 403 U.S. 388 (1971), against USMS-ME supervisors and the transporting deputies involved in the same transports at issue here; a claim for damages under the Rehabilitation Act, alleging that the federal defendants failed to accommodate his disability during those transports; and claims for damages under the Federal Tort Claims Act ("FTCA").[3]

In the 2012 Case, Hooker's Rehabilitation Act claims, and Bivens claims against the defendants in their supervisory capacities, were dismissed for failure to state a claim, see 2012 Case, Jan. 13, 2014 Order (ECF No. 38) (approving Dec. 18, 2013 R&R (ECF No. 36)). The court granted summary judgment on the Bivens claims asserted against the transporting deputies on the basis of qualified immunity, See Mar. 31, 2015 Order (ECF No. 94) (approving Mar. 12, 2015 R&R (ECF No. 92)). Hooker's

---

[3] Prior to filing his Second Amended Complaint in the 2012 Case, Hooker had asserted claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act. After the magistrate judge recommended that those claims be dismissed, see 2012 Case, June 27, 2013 R&R (ECF No. 31), Hooker omitted those claims from his second amended complaint.

FTCA claims were dismissed, without prejudice, as Hooker had failed to demonstrate that those claims had been administratively exhausted prior to filing the 2012 Case.

Once judgment entered against him in the 2012 Case, Hooker filed an appeal. The First Circuit affirmed the judgment in the 2012 Case before plaintiff filed this action. See Hooker v. Belanger, No. 15-1462 (1st Cir. Feb. 26, 2016).

### III. Administrative Tort Claims

Before filing the instant action, Hooker filed four Administrative Tort Claim actions with the USMS, each based on one of the transports from which the claims in the instant case arise, alleging that the defendants' actions were tortious. On April 25, 2017, those administrative claims were denied, and Hooker received "right to sue" letters from the USMS, advising Hooker of his right to bring suit in federal court by October 25, 2017. See Doc. No. 1-2, at 8-11. Hooker filed his initial complaint in this action on September 1, 2017.

## Discussion

### I. Preliminary Review

#### A. Standard

The court conducts a preliminary review of prisoner complaints filed in forma pauperis. See 28 U.S.C. §§ 1915(e)(2), 1915A. In conducting its preliminary review, the

4

court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Claims may be dismissed, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1).

    Dismissing an action on the basis of an affirmative defense, such as res judicata, is permissible if the facts alleged in the complaint, or matters susceptible of judicial notice, conclusively establish the elements of the affirmative defense.  See Gray v. Evercore Restructuring LLC, 544 F.3d 320, 324 (1st Cir. 2008); Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003).  Cf. Curry v. City of Syracuse, 316 F.3d 324, 331 (2d Cir. 2003) (sua sponte consideration of collateral estoppel is justified by "'strong public policy in economizing the use of judicial resources by avoiding relitigation'" (citation omitted)).

**B.   Res Judicata/Claim Preclusion**

   1.   Elements

Under the doctrine of res judicata, also known as claim preclusion, "a final judgment on the merits precludes parties from relitigating claims that were or could have been brought in a prior action." Universal Ins. Co. v. Office of Ins. Comm'r, 755 F.3d 34, 37 (1st Cir. 2014).  For res judicata to apply, the following three elements must be present: "'(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.'"  Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012) (citations omitted).

   2.   Identicality

Hooker brings this action against five USMS-ME deputies, each of whom were defendants in the 2012 Case; arising out of the same facts as the 2012 Case; and asserting claims that were resolved in favor of defendants in the 2012 Case.  There are no factual allegations asserted here that were not alleged in the pertinent pleadings in the 2012 Case.  There is sufficient identicality between the causes of action and parties here and in the 2012 Case to satisfy those res judicata elements.

### 3. Final Judgment on the Merits

In the 2012 Case, Hooker joined multiple claims in a single action. The court's rulings resolved all but one of those claims on the merits; the FTCA claims were dismissed without prejudice to plaintiff's ability to refile those claims after he exhausted his administrative remedies. Where multiple claims are joined in a prior action, a dismissal of one claim for lack of jurisdiction does not preclude a second action on the same claim if the jurisdictional defect is resolved, but preclusion attaches to the remaining claims resolved on the merits. See 18A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. Juris. §§ 4435, 4436 (2d ed.).

#### a. Bivens Claims

In the 2012 Case, Hooker asserted Bivens claims against the individual transporting USMS-ME deputies, Jesse Belanger, Andrew LeConte, Clairmont Forde, and Spencer Christie. In that case, the court found that those defendants were entitled to qualified immunity as to those claims, and granted summary judgment in the defendants' favor on that basis. That decision constituted a final decision on the merits of those claims. See Neal v. Davis, 475 F. App'x 690, 692 (10th Cir. 2012) (dismissal based on qualified immunity has preclusive effect on future claims).

Also in the 2012 Case, Hooker's Bivens claims asserted against defendant Dean Knightly, in his supervisory capacity,

7

were dismissed for failure to state a claim. A dismissal for failure to state a claim is a final decision on the merits for res judicata purposes. See <u>Airframe Sys., Inc. v. Raytheon Co.</u>, 601 F.3d 9, 14 (1st Cir. 2010).

Hooker's appeal of that decision was unsuccessful, and thus, final judgment on the merits was entered on the <u>Bivens</u> claims in the <u>2012 Case</u>. For these reasons, Hooker is precluded from relitigating his <u>Bivens</u> claims here, and the district judge should dismiss those claims.

### b. <u>Rehabilitation Act Claims</u>

In the <u>2012 Case</u>, the court dismissed Hooker's Rehabilitation Act claims on their merits, finding that they were not cognizable in that matter, as the Rehabilitatoin Act does not provide for money damages, which is the only relief Hooker had sought. Such a dismissal is a final judgment on the merits for the purposes of res judicata. See <u>id.</u> Although Hooker did not seek injunctive relief on his Rehabilitation Act claims in the <u>2012 Case</u>, he could have done so, and therefore, those claims are barred by res judicata. See <u>Universal Ins.</u>, 755 F.3d at 37. Accordingly, the district judge should dismiss the Rehabilitation Act claims as precluded by the judgment in the <u>2012 Case</u>.

### c. FTCA Claims

Hooker's claims asserted under the FTCA were dismissed from the 2012 Case, without prejudice, as Hooker had not exhausted his administrative remedies. That dismissal of the FTCA claims was not a final decision on the merits. Hooker's FTCA claims for money damages, therefore, may proceed. To the extent Hooker has asserted claims for injunctive relief under the FTCA, such relief is not available under that statute, and the district judge should dismiss those claims.

Further, the United States is the only proper defendant to an FTCA claim. Accordingly, court construes Hooker's FTCA claims to have been asserted against the United States and, in an Order issued simultaneously with this Report and Recommendation, directs service of those claims on the United States. For these reasons, the district judge should terminate the named individual defendants from this action.[4]

## II. Default

Hooker has filed motions in this case seeking entry of default (Doc. No. 23) and default judgment (Doc. No. 25) against the defendants. Nothing in the record of this case, however, suggests that service has been made on any defendant in this

---

[4] In an Order issued simultaneously with this Report and Recommendation, the court directs service of the FTCA claims on the United States.

9

matter.[5] Plaintiff's initial complaint was filed on September 1, 2017, but contains no certification that defendants were served. Defendants who have not been served with a summons and complaint, and who have not waived such service, incur no obligation to answer the complaint. Further, in a civil action filed by a prisoner, a defendant need not respond to the complaint until the court completes preliminary review, under 28 U.S.C. § 1915A(a), and directs service on that defendant. See Askew v. Holder, 2013 WL 595893, at * 1 (D.D.C. Feb. 15, 2013) (collecting cases). The court has not yet directed that any defendant be served with the complaint in this matter.

As no defendant has been served in this matter, and no obligation to appear or answer the complaint has accrued to any defendant, the entry of default or default judgment against any defendant in this case is not warranted. Accordingly, the district judge should deny plaintiff's motion for default (Doc. No. 23) and motion for default judgment (Doc. No. 25).

## Conclusion

For the foregoing reasons, the district judge should: dismiss all of the claims from this action other than Hooker's

---

[5]On September 21, 2017, Hooker filed a proposed summons form (Doc. No. 16-1) dated August 23, 2017. The court did not issue the summons, as preliminary review was not yet complete.

FTCA claims for damages against the United States; drop Dean Knightly, Jesse Belanger, Andrew LeConte, Clairmont Forde, and Spencer Christie as defendants from this case; and deny plaintiff's motions for default (Doc. No. 23) and default judgment (Doc. No. 25).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 23, 2018

cc:  Samuel Hooker, pro se