UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Samuel Hooker

    v.                                        Civil No. 17-cv-345-JNL

United States

## REPORT AND RECOMMENDATION

Plaintiff Samuel Hooker has filed this action, asserting claims under the Federal Tort Claims Act ("FTCA") against the United States of America. This action arises from four occasions in 2012 and 2013 on which, Hooker alleges, he was injured when United States Marshals Service ("USMS") deputies transported him between the Cumberland County Jail and the United States District Court for the District of Maine in a negligent manner.[1] Presently before the court are:

- Defendant's Motion to Dismiss (Doc. Nos. 46-48), which has been referred to the undersigned magistrate judge for a report and recommendation as to disposition; and

- Hooker's "Motion to Stay Defendant's Motion to Dismiss" (Doc. No. 51).

**Motion to Stay (Doc. No. 51)**

After the defendant filed the pending motion to dismiss, Hooker filed a motion to stay this court's consideration of the

---

[1]Other claims and defendants Hooker included in his initial complaint have been dismissed from this action.

1

motion to dismiss, until such time as the court rules on Hooker's most recent requests that the court appoint counsel to represent him in this matter. In his motion to stay, Hooker asserts that he "is presently connected to a wound-vac and therefore confined to a hospital bed twenty-four hours a day." Doc. No. 51, at 1. As a result, Hooker asserts, he has no access to a law library, legal research materials, or other resources that would allow him to adequately respond to the motion to dismiss.

**Motion to Dismiss**

In its motion to dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(1), the United States argues that this court lacks jurisdiction to consider Hooker's FTCA claims. Specifically, the defendant claims that the relevant conduct of the USMS deputies underlying Hooker's claims constitutes "discretionary conduct," and that harm arising out of such conduct does not give rise to FTCA liability, under the "discretionary function exception" to the FTCA's waiver of sovereign immunity. See Def.'s Mot. Dismiss (Doc. No. 48), at 6-7.

Once the defendant challenges the court's jurisdiction over Hooker's FTCA claims on the basis that the discretionary function exception applies, the plaintiff bears the burden to demonstrate that the exception does not apply. See Gordo-

González v. United States, 873 F.3d 32, 36 (1st Cir. 2017); Sánchez ex rel. D.R.-S. v. United States, 671 F.3d 86, 97 (1st Cir. 2012).  To meet that burden, the plaintiff must be able to demonstrate, among other things, that some federal statute, policy, regulation, directive, or other mandate prescribes a course of conduct that the deputies in this case failed to follow.  Without access to either a law library, counsel, or any discovery (as this case has yet to proceed to the discovery stage of litigation), plaintiff does not have access to any resources that would enable him to even attempt to meet that burden.

Accordingly, and without comment on the merits of defendant's arguments, the court finds that, under the particular circumstances presented in this case by Hooker's medical condition, the jurisdictional question raised by the defendant is appropriately decided on summary judgment, after the plaintiff has had an opportunity to conduct, at a minimum, limited discovery relevant to that jurisdictional question.  See Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008) ("district court generally retains 'broad discretion in determining whether to grant jurisdictional discovery'"; "a party should be allowed to conduct jurisdictional discovery when its position is not frivolous" (citations omitted)).  Further, as the plaintiff is unable to access any legal resources, in an

3

Order issued simultaneously with this Report and Recommendation, the court grants Hooker's requests for appointed counsel and directs the clerk's office to attempt to locate counsel willing to represent Hooker pro bono.

## Conclusion

For the foregoing reasons, the district judge should deny the defendant's motion to dismiss (Doc. Nos. 46-48) without prejudice to the defendant's ability to assert the arguments therein in a motion for summary judgment filed after limited jurisdictional discovery occurs in this case. Further, plaintiff's motion to stay (Doc. No. 51) should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 26, 2019

cc: Samuel Hooker, pro se
James D. Concannon, Esq.

4