```
          UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MAINE
```

Samuel Hooker

    v.                                      Civil No. 17-cv-345-JNL

United States[1]

**REPORT AND RECOMMENDATION**

Plaintiff Samuel Hooker has filed a First Amended Complaint (Doc. No. 43) ("FAC") and Second Amended Complaint (Doc. No. 49) ("SAC"). The court construes each filing as a proposed addendum to Hooker's initial complaint (Doc. No. 1). The FAC and SAC are before this court for preliminary review, pursuant to 28 U.S.C. § 1915A(a).

**Background**[2]

Hooker is a paraplegic prisoner confined to a wheelchair. In this case, Hooker has asserted that on four occasions in

---

[1]The United States is the only defendant presently in this action. In his proposed Amended Complaint (Doc. No. 43) and proposed Second Amended Complaint (Doc. No. 49), plaintiff seeks to add United States Marshals Service employees Dean Knightly, Jesse Belanger, Spencer Christie, Clairmont Forde, and two unnamed individuals, as defendants to this action.

[2]The court conducts its preliminary review of the FAC and SAC using the standard set forth in its April 23, 2018 Report and Recommendation (Doc. No. 29, at 4-5), which the district judge approved in its July 17, 2018 Order (Doc. No. 41).

August and September 2012, U.S. Marshals Service ("USMS") employees Dean Knightly, Jesse Belanger, Spencer Christie, Clairmont Forde, and two unnamed individuals, transported him to court from the Cumberland County Jail in a non-handicapped van. Hooker had requested to be transported in a wheelchair accessible vehicle, but his request was denied because the defendants did not have access to such a van. Because the van was not wheelchair accessible, those individuals transported Hooker by placing him on the floor in the back of the van, next to his wheelchair, without securing him in the van with a seatbelt or other safety restraints, despite Hooker's request to be so secured. As a result of this mode of transport, and the alleged traffic violations and reckless driving of the transporting officers, Hooker asserts, he was injured during those van rides.

In his initial Complaint (Doc. No. 1), Hooker asserted claims under the FTCA, the Rehabilitation Act, and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The Bivens and Rehabilitation Act claims have been dismissed, and the defendants to those claims have been dropped from this action. See July 17, 2018 Order (Doc. No. 41) (approving Apr. 23, 2018 R&R (Doc. No. 29)). The FTCA claims were served on the United States, see Apr. 23, 2018 Order (Doc. No. 30), and remain pending at this time. Hooker now seeks to

add claims that the defendants' actions violated his rights under the Americans with Disabilities Act ("ADA"), and constituted crimes and state traffic law violations.

**Discussion**

I. ADA Claims

Hooker attempts to assert ADA claims against Knightly, Belanger, Christie, Forde, and two unnamed employees of the USMS in both their individual and official capacities. Title II of the ADA provides a right of action where "'a "'public entity' [has discriminated] against a 'qualified individual with a disability' on account of that individual's disability." Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 208 (1998) (quoting 42 U.S.C. § 12132); see also Parker v. Universidad de P.R., 225 F.3d 1, 5 (1st Cir. 2000).

"There is no individual liability under Title II of the ADA." Gross v. Landry, No. 1:17-cv-00297-JAW, 2017 WL 5509995, at *5 (D. Me. Nov. 17, 2017). To the extent Hooker seeks to assert ADA claims against the named defendants in their individual capacities, the district judge should dismiss the claims.

To the extent Hooker seeks to assert ADA claims against the named defendants in their official capacities, such claims are not viable. Neither the United States nor its agencies,

including the USMS, fall within the statute's definition of "public entity." See 42 U.S.C. § 12131; Manuel v. City of Bangor, No. 09-CV-339-B-W, 2009 WL 3672917, *4 (D. Me. Oct. 30, 2009), R&R approved, 691 F. Supp. 2d 212 (D. Me. 2010). Accordingly, the district judge should dismiss each of Hooker's proposed ADA claims.

II. Criminal Conduct

Hooker asserts that defendants are liable to him in this action because their conduct in placing him in the back of the van without a seatbelt was criminal, as it violated Maine traffic laws which require the use of seatbelts. "Private citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another." In re Compact Disc Minimum Advertised Price Antitrust Litig., 456 F. Supp. 2d 131, 145 (D. Me. 2006) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (internal quotation marks and alterations omitted). Because Hooker cannot state a private cause of action based on the named defendants' alleged violation of state criminal laws and traffic laws, the district judge should dismiss those claims.

**Conclusion**

As fully explained herein, the district judge should

dismiss Hooker's proposed complaint addenda (Doc. Nos. 43, 49), as they fail to state any claim upon which relief might be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                             _/s/ Andrea K. Johnstone_
                                             Andrea K. Johnstone
                                             United States Magistrate Judge

June 4, 2019

cc: Samuel Hooker, pro se
    James D. Concannon, Esq.
    Wilbur A. Glahn III, Esq.